In re William Howard EIDSON, Debtor.

Roger W. MOISTER, Jr., as Trustee in Bankruptcy, Plaintiff,

v.

Doris B. EIDSON and Fidelcor Mortgage Company of Georgia, Inc., Defendants.

Bankruptcy No. 80–00352A.
Adv. No. 80–0625A.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

April 13, 1981.

Roger W. Moister, Jr., Atlanta, Ga., for plaintiff.

Arthur B. Seymour, Born, Kohlman & Duvall, P. C., Atlanta, Ga., for Doris B. Eidson.

Joseph Lefkoff, John R. Grimes, Lefkoff, Pike, Fox & Sims, P. C., Atlanta, Ga., for Fidelcor Mortgage Co. of Georgia.

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

On August 11, 1980, the above-referenced plaintiff filed a complaint to set aside a transfer of real estate. On September 11, 1980, defendant Doris B. Eidson filed her answer. Also, on September 11, 1980, the defendant Fidelcor Mortgage Company of Georgia, Inc. (hereinafter "Fidelcor") filed its answer. On November 5, 1980, defendant Doris B. Eidson filed a motion for summary judgment, and on the next day, defendant Fidelcor filed a motion for summary judgment. On November 26, 1980, the plaintiff filed a response to the motion for summary judgment of defendant Eidson and filed a cross-motion for summary judgment against defendant Eidson. On November 28, 1980, the plaintiff filed a response to Fidelcor's motion for summary judgment and a cross-motion for summary judgment against Fidelcor. The matter now comes before the Court on these cross-motions for summary judgment.

## FINDINGS OF FACT

### 1.

On or about June 6, 1960, the debtor, William Howard Eidson, and his wife, defendant, Doris B. Eidson, acquired title jointly to a house and lot known as 2444 Sylvan Road, East Point, Fulton County, Georgia (hereinafter "the Property").

### 2.

On May 11, 1979, the debtor conveyed his one-half interest in the Property to defendant Eidson for "Love & Affection, Ten ($10) dollars" by a quitclaim deed recorded on May 15, 1979 in Deed Book 7243, page 262, Fulton County Records.

### 3.

On May 11, 1979, the debtor also conveyed his one-half interest in the Property to defendant Eidson for "Love & Affection, for the sum of Ten ($10) dollars" by warranty deed recorded May 15, 1979 in Deed Book 7243, page 261, Fulton County Records.

### 4.

At the time that the debtor conveyed his one-half interest in the Property to defendant Eidson, the Property was encumbered by the following liens:

(1) a security deed granted jointly by the debtor and defendant Eidson in favor of Adair Mortgage Company in the amount of $5,148.91;

(2) a security deed granted jointly by the debtor and defendant Eidson in favor of Stewart Bear in the amount of $5,900.00;

(3) a judgment against the debtor in favor of Georgia Power Company in the amount of $132.00;

(4) a judgment against the debtor in favor of the State Georgia in the amount of $2,400.00;

(5) a judgment against the debtor in favor of Clinton Standford, Jr. in the amount of $350.00; and

(6) a judgment against the debtor and Jack Beckham in favor of the State Employees Credit Union in the amount of $6,708.32.

5.

On November 6, 1979, defendant Eidson borrowed $15,000.00 from Fidelcor, transferring as security her one-half interest in the Property as well as the one-half interest in the Property acquired from the debtor on May 11, 1979 by the deeds described above.

6.

Fidelcor disbursed $12,443.17 of the $15,750.00 Eidson loan as follows:

| (a) Adair Mortgage Company | $ 5,148.91 |
|---|---|
| (b) Stewart Bear | 5,900.00 |
| (c) State of Georgia | 1,394.25 |
| Total | $12,443.16 |

In addition Fidelcor disbursed a $750.00 brokerage fee to Mortgage Center America and the loan balance of $2,556.84 to defendant Eidson.

7.

Personal liabilities of the debtor in the amount of $7,924.46 were extinguished by the Fidelcor disbursement.

8.

The appraised value of the Property on the date of the loan transaction between Fidelcor and defendant Eidson was $23,500.00. The unencumbered value of the one-half interest in the Property transferred by the debtor to defendant Eidson was $11,750.00.

## CONCLUSIONS OF LAW

The plaintiff seeks in the three counts of his complaint to avoid the transfer of the debtor's one-half interest in the Property executed on May 11, 1979 and also to avoid the transfer from defendant Eidson to Fidelcor executed on November 6, 1979 pursuant to the powers granted the trustee in bankruptcy by 11 U.S.C. §§ 548(a)(2) and 544(b).

Any liability of Fidelcor would arise under 11 U.S.C. § 550. *Liability of transferee of avoided transfer.* This potential liability cannot be determined until it is determined whether the initial May 11, 1979 transfer can be avoided, so that issue will be addressed first.

■ Count I of the plaintiff's complaint seeks to avoid the May 11, 1979 transfer of the property under the authority of 11 U.S.C. § 548(a)(2)(A) and (B)(i). That provision states:

"The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor—

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation."
11 U.S.C. § 548(a)

The deposition of the debtor indicates that he was insolvent on May 11, 1979, having debts exceeding $36,000.00 and assets of approximately $8,500.00. Since the transfer occurred on May 11, 1979 and the bankruptcy petition was filed on February 4, 1980, it is clear that this transfer was made within one year before the date of the filing of the petition. Therefore, the only remaining question is whether or not the debtor received less than a reasonably equivalent value in exchange for the transfer.

The evidence indicates that the value of the one-half interest in the property which was transferred by the debtor to defendant Eidson on May 11, 1979 was $11,750.00. The documents transferring title indicate that the consideration which defendant Eidson paid to the debtor was $10.00 cash plus love and affection. This is bolstered by the fact that there was no transfer tax paid. However, when the subsequent transaction with Fidelcor is viewed as part of the initial transaction, it is clear that defendant Eidson also paid off the liabilities of the debtor in the amount of $7,924.46. This indicates that the difference between the value of the property transferred, if unencumbered, and the value of the consideration paid in the transaction by the debtor by the defendant Eidson is $3,827.54. However, this property was not unencumbered. This $3,827.54 worth of property in excess of the consideration transferred was, and appears to remain, encumbered by $7,190.44 worth of liens. These liens remain enforceable against the property in the hands of the defendant Eidson despite the debtor's discharge. As one commentator has stated:

"Since a discharge, being personal in character, releases the debtor's personal liability only, it follows that a valid lien on property of the debtor existing at the time of the entry of the order for relief, providing such lien is not avoided by the Code, may be enforced notwithstanding the discharge of the debtor. So also a judgment evidencing a lien is not affected by a discharge except as to the personal liability it imposes upon the debtor." 3 *Collier on Bankruptcy* ¶ 524.01[3], p. 524–9 (15th ed. 1980).

The Court, therefore, finds that the debtor did not receive less than a reasonably equivalent value in exchange for the May 11, 1979 transfer of the property.

Count II of the plaintiff's complaint seeks to avoid the May 11, 1979 transfer pursuant to the power granted a trustee in bankruptcy by 11 U.S.C. § 544(b). That provision allows a trustee to proceed under applicable law, in this case, the law of the State of Georgia. Georgia Code § 28–201 allows creditors to avoid certain transfers made by a debtor which were not for a valuable consideration. The foregoing discussion indicates that the transaction in question was made for a valuable consideration. Since the $11,750.00 worth of property which was transferred was encumbered by over $13,000.00 worth of liens, the property transferred was essentially valueless. Therefore, the transfer for $10.00 plus love and affection was for valuable consideration relative to the value of the property transferred.

Count III of the plaintiff's complaint seeks to avoid the May 11, 1979 transfer pursuant to 11 U.S.C. § 548(a)(1). In order to avoid a transfer pursuant to this section, the trustee has the burden of proving that the transfer was made "with actual intent to hinder, delay, or defraud" a creditor. 11 U.S.C. § 548(a)(1). The plaintiff has not carried the burden of proof to show that the transfer in question was made with such actual intent. Moreover, when the two transactions are viewed as whole, it is clear that the debtor had no such intent. Therefore, the Court finds that it must deny the plaintiff's motion for summary judgment and grant the motion for summary judgment of defendant Eidson.

Since any liability of Fidelcor would be derived from the liability of defendant Eidson pursuant to 11 U.S.C. § 550, and defendant Eidson has been held to have no liability, the Court must also grant the motion for summary judgment filed by Fidelcor and deny the plaintiff's motion.

IT IS HEREBY ORDERED AND ADJUDGED that the plaintiff's motions for summary judgment against defendants Eidson and Fidelcor shall be and are denied.

IT IS FURTHER ORDERED AND ADJUDGED that the motion for summary judgment of defendant Eidson shall be and is granted.

IT IS FURTHER ORDERED AND ADJUDGED that the motion for summary judgment of defendant Fidelcor shall be and is granted.